UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------------X

RENEE HARRIS-THOMSON,

        Plaintiff,

   -against-

RIVERHEAD CHARTER SCHOOL BOARD
OF TRUSTEES, ZENOBIA HARTFIELD, as a
trustee of the Riverhead Charter School, And
Individually, EMMA KLIMEK, as a trustee of
the Riverhead Charter School and Individually,
DEBORAH RUTIGLIANO, as a trustee of the
Riverhead Charter School and Individually,
HARRY HISTAND, as a trustee of the
Riverhead Charter School and Individually,
RAYMOND ANKRUM, as
Administrator/Principal of the Riverhead Charter
School and Individually, SIMA ALI, individually
and in her official capacity as a Contracted
investigator for the Riverhead Charter School,
SHARON BERLIN, individually and in her
official capacity as Legal Counsel for the Board
of Trustees, Riverhead Charter School,

        Defendants.
---------------------------------------------------------------------------X

**ORDER**
14–CV–5340 (JMA)(AYS)

FILED
CLERK

9/6/2016 3:50 pm

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**AZRACK, United States District Judge:**

    Before the Court are objections submitted by the parties to Magistrate Judge Shields's Report recommending that the Court deny in part and grant in part defendants' motion to dismiss. The parties timely objected to the Report. Having conducted a review of the full record and the applicable law, for the following reasons, the Court adopts Judge Shields's Report and Recommendation in its entirety.

1

## BACKGROUND

Plaintiff Renee Thomas-Harris is a former trustee of the Riverhead Charter School (the "School"). She brings the current civil rights lawsuit against former fellow members of the Board of Trustees of the School (the "Board"), their attorney, and an attorney hired by the Board to conduct an investigation. Plaintiff's Amended Complaint alleges federal civil rights claims pursuant to 42 U.S.C. §1983 ("Section 1983"), as well as pendent New York State law claims.

On January 1, 2016, the Court respectfully referred the three motions to dismiss to Judge Shields for a Report and Recommendation. On February 23, 2016, Judge Shields issued a Report and Recommendation recommending defendants' motions to dismiss be granted in part and denied in part (the "Report," ECF No. 46). Subsequently the parties filed timely objections to the Report (the "Objections," ECF Nos. 49, 52). Familiarity with the motions, the Report, and the Objections is assumed.

## STANDARD OF REVIEW

In reviewing a magistrate judge's report and recommendation, the court must "make a de novo determination of those portions of the report or . . . recommendations to which objection[s][are] made." 28 U.S.C. § 636(b)(1)(C); see also Brown v. Ebert, No. 05–CV–5579, 2006 WL 3851152, at *2 (S.D.N.Y. Dec. 29, 2006). The court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Those portions of the Report to which there is no specific reasoned objection are reviewed for clear error. See Pall Corp. v. Entegris, Inc., 249 F.R.D. 48, 51 (E.D.N.Y. 2008). The Court considers each of the parties' objections de novo.[1]

---

[1] The court has reviewed the remainder of Judge Shields's recommendations (to which the parties did not object) for clear error, and finding none, adopts those findings.

**DISCUSSION**

Upon a de novo review of the record and Judge Shields's well-reasoned Report and Recommendation, the Court affirms and adopts the Report and Recommendation in its entirety as the opinion of the Court.

**I.     RCS Defendant's Objections**

A. Consideration of Evidentiary Exhibits

RCS Defendants correctly note that in deciding a motion to dismiss, the Court is confined to the allegations contained within the four corners of the complaint. See Pani v. Empire Blue Cross Blue Shield, 152 F.3d 67, 71 (2d Cir. 1998). Typically, this includes documents attached to the complaint, statements or documents incorporated into the complaint by reference, documents on which the complaint heavily relies, and anything to which the Court may take judicial notice. See Chambers v. Time Warner, Inc., 282 F.3d 147, 152–52 (2d Cir. 2002). RCS Defendants argue that certain exhibits, some filed with the motion to dismiss and some filed in the instant Objections for the first time, should be considered in the Court's decision. (RCS Objections at 18.) RCS Defendants argue that the exhibits are referenced in the Amended Complaint and that the Court is entitled to take judicial notice of the documents. With respect to the newly filed exhibits, RCS Defendants argue that they were previously unavailable at the time it filed the motion to dismiss and that the Court should now consider them to avoid a motion for reconsideration based on new evidence. (RCS Objections at 19.)

Judge Shields specifically considered whether the inclusion of additional documents was proper. In determining that the court would not rely on certain additional documents, Judge Shields explained that: "[i]n light of the facts that this is a pre-answer motion to dismiss, no initial conference has been held, and the parties have not yet engaged in any discovery, conversion to a

motion for summary judgment is premature. The Court therefore declines to so convert the motion. Accordingly, the Court will consider the motions as briefed – motions to dismiss for failure to state a claim." The Court agrees with this reasoning and finds that it applies with equal force to the RCS Defendants' newly filed exhibits.

B. Plaintiff's Status as an Employee

Defendants argue that plaintiff is a public employee and that her speech was made in her capacity as a Trustee on issues within the scope of her duties as a Trustee, and therefore, plaintiff's First Amendment claim against the Board should be dismissed. (RCS Objections at 3.) However, as Judge Shields made clear in the Report, that determination "requires development of a factual record providing clarity as to Plaintiff's employment duties." (Report at 19.) The Court agrees that further factual development is required to determine whether plaintiff is a public employee speaking in her capacity as a Trustee on issues within the scope of that role.

C. Chilling Effect on Plaintiff's Speech

Defendants argue that plaintiff failed to demonstrate any chilling effect on her speech. (RCS Objections at 3.) Defendants argue that "Plaintiff must do more than show a subjective chill" and that "Plaintiff must present a specific objective harm or threat of future harm." (Id.) However, Judge Shields specifically found, and the Court agrees, that plaintiff plausibly alleged a chilling effect on her speech sufficient to survive defendants' motion to dismiss.

**II. Plaintiff's Objections**

A. Standard of Review on a Rule 12(b)(6) Motion

Plaintiff contends that Judge Shields misapplied the standard of review on a Rule 12(b)(6) motion, and that Judge Shields "made several erroneous factual findings contrary to what was alleged in the Amended Complaint, failing to construe the facts in Plaintiff's favor." (Pl.'s

4

Objections at 5.)

As a general matter, the Court does not believe that Judge Shields misapplied the standard of review on a motion to dismiss. To the extent that plaintiff objects to the Report based on "erroneous finding of facts," (Pl.'s Objections at 5), those arguments are covered below as specifically addressed by plaintiff's objections.

B. Qualified Immunity and Need for Further Factual Development of First Amendment Claim

Plaintiff objects to Judge Shields's "determination that qualified immunity may still be found not withstanding a finding of a violation of the First Amendment right of speech," arguing that such a determination "is fact specific and turns on an intensive determination of the particular fact scenario." (Pl.'s Objections at 7.) Plaintiff argues that the Report "relies exclusively on Heller" to support the court's finding of qualified immunity notwithstanding the need for further factual development of the First Amendment claim, and argues that the court in Heller was "more context specific." (Pl.'s Objections at 7.) The Court disagrees. Rather, the Court agrees with Judge Shields's finding that "[e]ven construing the facts in favor of the Plaintiff, it was certainly reasonable to think that Plaintiff's speech was not protected from retaliation under the precedents of the Supreme Court and this Circuit." (Report at 23.)

C. Qualified Immunity for the Individual Defendants

Plaintiff argues that Judge Shields erred in recommending that the individual defendants are shielded from liability for the First Amendment claims by qualified immunity. (Pl.'s Objections at 8.) Plaintiff argues that Judge Shields erred by "misconstruing the facts as alleged in the Amended Complaint, which are to be construed in the light most favorable to Plaintiff." (Pl.'s Objections at 9.) Plaintiff argues that the court erroneously applied the qualified immunity standard by not conducting a factual specific consideration "as to whether qualified immunity

5

applies in this instance to Plaintiff's claim of retaliation for her speech of a public concern." (Pl.'s Objections at 9.) For the reasons explained above, the Court agrees with Judge Shields's well-reasoned explanation of why the individual defendants are entitled to qualified immunity.

D. Qualified Immunity for Attorney Defendants

Plaintiff objects to the recommendation that the attorney individual defendants, Berlin and Ali, are entitled to qualified immunity "based upon their status as private individuals carrying out governmental duties." (Pl.'s Objections at 13.) First, plaintiff argues that the court's reliance on Filarsky v. Dellia, 132 S. Ct. 1657 (2012) is misplaced, because in that case the lower court had a fully developed factual record. (Pl.'s Objections at 13.) Second, plaintiff argues that contrary to the Report's findings, the Amended Complaint does allege that Berlin and Ali violated plaintiff's clearly established rights. (Pl.'s Objections at 14.)

The Court agrees with the Report that Filarsky is applicable to this case. Further, Judge Shields correctly determined that plaintiff did not sufficiently allege that the Attorney Defendants violated her clearly established constitutional rights, because an individual does not have a constitutional right to a particular type of investigation or a certain result.

E. Right of Association Claim

Plaintiff objects to Judge Shields's recommendation of dismissal of plaintiff's claim of retaliation for exercise of her First Amendment right of association. Plaintiff argues that "there is no factual nor legal basis for the conclusion . . . that Plaintiff has failed to state a constitutional violation to trigger a Monell inquiry." (Pl.'s Objections at 19.) In the Report, Judge Shields found that: "Plaintiff's status as a Trustee neither ended nor interfered, in any way, with her ability to enroll her son in one school or another. Instead, she was free, at all times, to enroll her son wherever she deemed fit. Plaintiff's allegations of interference with her Fourteenth Amendment rights fail

6

to state a claim and must therefore be dismissed." (Report at 31.) The Court agrees, and thus the "dismissal of Plaintiff's First Amendment association claim leaves no underlying constitutional violation for the Court to consider under Monell." (Id.)

F. Qualified Immunity for First Amendment Retaliation Claim

Plaintiff objects to Judge Shields's recommendation of qualified immunity for the RCS defendants for the First Amendment Retaliation Claim. Plaintiff argues that the court's citation to Uwadiegwu v. Dep't of Soc. Servs. Of the Cty of Suffolk, 91 F. Supp. 3d 391 (E.D.N.Y. 2015) is unfounded because the application of the qualified immunity doctrine "must be considered in the context asserted," and the facts in Uwadiegwu are distinct from this case. (Pl.'s Objections at 19.) The Court disagrees. Judge Shields considered the application of qualified immunity in the context asserted, as explained above.

G. Due Process Claims

Plaintiff argues that the Report erroneously recommends the dismissal of plaintiff's Due Process claim. First, plaintiff argues that "the cases relied upon by the R&R are mostly summary judgment" and thus "turn on specific facts and were decided in the context of a summary judgment motion after discovery on the issue as to whether or not there was a property interest in reappointment." (Pl.'s Objections at 20.) Plaintiff argues that the court's "determination of no property interest at this stage is incorrect, as this is clearly an issue for discovery." (Pl.'s Objections at 20.)

Contrary to plaintiff's arguments in its Objections, the issue of property interest is correctly decided, as a matter of law, at the motion to dismiss stage. Judge Shields specifically found, and the Court agrees, that "[a]fter the expiration of Plaintiff's three year term she no longer had, and cannot claim, a property right in the form of a right to be removed only for cause." (Report at 37.)

7

H. Jurisdiction Over State Law Claims

Plaintiff argues that the Report erroneously recommends that the Court decline to exercise pendant jurisdiction over the plaintiff's remaining state law claims. Plaintiff argues that dismissal of the state law claims is not mandatory, and the decision lies in the sound discretion of the Court. (Pl.'s Objections at 22.) In particular, plaintiff argues that the Court must conduct a balancing test, considering the values of judicial economy, convenience, fairness, and comity. Id.

Judge Shields found that the state law "claims do not arise from the same nucleus of operative facts as the sole remaining First Amendment claim." (Report at 40.) Judge Shields further explained that "Plaintiffs state claims raise potentially complex and novel state law issues relating to duties owed by and between board members and outside investigators, as well factual questions relating to state law claims of defamation." (Report at 41.) In light of this, the Court agrees with the Report's recommendation that the Court decline to exercise jurisdiction over the state law claims and that all state law claims be dismissed without prejudice to plaintiff's right to pursue those claims in an appropriate state forum.

I. Opportunity to Amend the Complaint

Plaintiff objects to the Report to the extent it denies plaintiff an opportunity to amend the complaint. Plaintiff correctly states that under Rule 15(a) of the Federal Rules of Civil Procedure, the "court should freely give leave to amend when justice so requires." Plaintiff argues that "there is no concern for futility in that based upon the aforementioned arguments, the proposed amended complaint can withstand a 12(b)(6) motion to dismiss.

Judge Shields found that plaintiff "made only a conclusory statement that if given leave to amend, she would address the deficient issues," and therefore plaintiff "has not made a sufficient showing that an amendment would cure the defective claims." (Report at 42.) Plaintiff's

8

arguments made in the Objections do not alter this finding that plaintiff has not shown that amending the complaint would not be futile. As Judge Shields notes in the Report, plaintiff did not set forth new facts or additional unpled causes of action, and thus properly found that "there is simply no reason to believe that any further factual pleading will bring new facts to light that lend support to the claims dismissed, or assert new viable causes of action." (Report at 42.)

## CONCLUSION

Upon a de novo review and for the reasons set forth above, the Court adopts Judge Shields's Report and Recommendation in its entirety and grants in part and denies defendants' motion to dismiss the complaint.

**SO ORDERED.**

Dated: September 6, 2016
Central Islip, New York

/s/ JMA
JOAN M. AZRACK
UNITED STATES DISTRICT JUDGE